UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL SALAZAR, CDCR #AC-4902,<br><br>Plaintiff,<br><br>vs.<br><br>E. MONTEJANO; J. PADILLA; F. PERDOMO; G. OSUNA,<br><br>Defendants. | Case No.: 3:19-cv-0348-MMA-WVG<br><br>**ORDER: (1) GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND (3) DENYING MOTION FOR EXTENSION OF TIME AS MOOT [Doc. No. 7]** |

Plaintiff Tyrell Salazar, a prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Doc. No. 4. Plaintiff has not prepaid the civil filing fee; instead he has a certified copy of his inmate trust account statement which the Court has liberally construed as a Motion to Proceed In Forma Pauperis ("IFP")

1

3:19-cv-0348-MMA-WVG

pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 3.  In addition, Plaintiff has filed a motion seeking an extension of time to file a Motion to Proceed IFP.  *See* Doc. No. 7.

I.     **Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement,

as well as the attached prison certificate issued by a CEN accounting official verifying his account history and available balances. *See* Doc. No. 3 at 1-3.  Plaintiff's statements show that he has had no monthly deposits and has carried an average balance of zero in his account during the 6-month period preceding the filing of this action and had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 3) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.    Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof,

which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Factual Allegations

On May 9, 2018, Correctional Officers Ramirez and Vasquez[1] "asked Plaintiff and his cellmate to step out" of their cell and "have a seat in the dayroom." Compl. at 3. Soon thereafter Ramirez and Vasquez "exited the cell" and Defendants Perdomo and Osuna entered the cell. *Id.* Approximately fifteen (15) minutes later, Perdomo and Osuna "told [Plaintiff and his cellmate] about accidentally breaking the cell's florescent bulb." *Id.* When they entered their cell, "Plaintiff and his cellmate observed a lot of glass on the cell floor." *Id.*

Plaintiff and his cellmate "protested against going into the cell without it being cleaned" and were told by Defendants Montejano, Padilla, Perdomo, and Osuna that "the matter would be taken care of after the search." *Id.* After the search concluded, Correctional Officer Vasquez "brought Plaintiff and his cellmate a fox tail broom and dustpan after they complained to him about the condition of their cell." *Id.* Plaintiff alleges it took "hours to remove broken bulb glass from the floor, lockers and personal property" in his cell. *Id.*

Plaintiff climbed onto the "top bunk" to "lay down on his side" when he "felt excruciating pain in many areas of his left upper arm." *Id.* Plaintiff saw "glass protruding" from his arm and "blood running down." *Id.* Plaintiff's cell mate "yelled 'man down'." *Id.* Correctional officers, along with "medical personnel responded," and "took Plaintiff to the infirmary." *Id.* Plaintiff was later taken to "Central Treatment Center." *Id.*

After Plaintiff was "discharged from CTC," he claims Defendant Montejano "continued to deny him clean linen, even thought his bloodied sheets were discarded." *Id.* at 4. More than "a week passed before Plaintiff was able to get linen." *Id.*

---

[1] Ramirez and Vasquez are not named as Defendants in this action.

Plaintiff seeks $500,000 in compensatory damages, $250,000 in punitive damages, and injunctive relief for "cosmetic surgery for scars on upper left arm." *Id.* at 8.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*,

217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

First, Plaintiff claims that Defendants broke a "florescent light bulb" in his cell "without providing him means to clean it up" causing him to suffer an injury to his arm. Compl. at 4. In addition, Defendants failed to "exchange his linen" for a week after the incident. *Id.*

Here, Plaintiff has failed to state an Eighth Amendment claim because he has failed to allege facts sufficient to plausibly show that any of the persons he has named as Defendants in this case acted with deliberate indifference to any known, specific, or individualized substantial risk to *his* health or safety. *Farmer*, 511 U.S. at 847; *see also Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim). In order to establish a claim for damages against an individual prison official under § 1983, Plaintiff must allege facts to plausibly show that each official's deliberate indifference actually and proximately caused a deprivation of his Eighth Amendment rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

While inmates have the right to personal hygiene supplies, such as fresh linen, Plaintiff's Complaint fails to contain sufficient factual allegations to suggest that the denial of linen for a one week period of time amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute

7

an infliction of pain within the meaning of the Eighth Amendment."). In addition, Plaintiff was given "means to clean" up his cell from the broken glass when he was given a broom by Correctional Officer Vasquez. *See* Compl. at 3. Moreover, Plaintiff fails to allege that any of the named Defendants were actually aware that there was broken glass remaining on the top of Plaintiff's bunk.

Thus, because Plaintiff fails to allege facts sufficient to satisfy the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his Complaint fails to state an Eighth Amendment claim upon which relief can be granted. *Farmer*, 511 U.S. 837; *Iqbal*, 556 U.S. at 679

Because he is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

2. **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint (Doc. No. 4) for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. **DENIES** Motion for Extension of Time (Doc. No. 7) as moot.

7. The Clerk of Court is directed to mail Plaintiff a blank civil rights form complaint which he may use to submit an amended complaint, if any.

**IT IS SO ORDERED**.

DATE: April 18, 2019

HON. MICHAEL M. ANELLO
United States District Judge